IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL KEITH AGGERS, | Case No.: 1:07-cv-01701 AWI JLT (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THE DISMISSAL OF PLAINTIFF'S DUE PROCESS AND EQUAL PROTECTION CLAIMS |
| vs. | |
| TYSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed June 4, 2009, Plaintiff's complaint was dismissed with leave to amend. Now pending before the Court is Plaintiff's amended complaint.

## I. SCREENING

### A. Screening Requirement

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. § 1915(A)(a). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

/////

**B.    Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.    Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. Jones v.

2

Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Although a complaint need not outline all the elements of a claim, it must be possible to infer from the allegations that all of the elements exist and that the plaintiff is entitled to relief under a viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990). Vague and conclusory allegations are insufficient to state a claim under § 1983. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. BACKGROUND

### A. Procedural Background

This case was transferred to this Court from the Central District of California on November 27, 2007. (Doc. 1.) On June 4, 2009, the Court screened Plaintiff's complaint and found that it failed to state a cognizable claim. (Doc. 14.) The Court, however, granted Plaintiff leave to file an amended complaint. (Id.) Accordingly, on July 10, 2009, Plaintiff filed an amended complaint. (Doc. 15.)

### B. The Amended Complaint

In his amended complaint, Plaintiff alleges that he requested a hardship transfer to a different prison facility. Plaintiff sought to be closer to his wife who suffered from various medical conditions which prevented her from traveling long distances. In response to Plaintiff's request, Defendant Tyson instructed Plaintiff's wife to submit a letter from her doctor explaining her medical condition. On January 19, 2006, Plaintiff's wife submitted the requested letter. Nevertheless, Defendants Tyson and Madellin denied Plaintiff's request for a hardship transfer. Moreover, when Plaintiff subsequently filed an inmate appeal challenging the decision, Defendant Gricewich ignored or otherwise discarded Plaintiff's appeal. (Am. Compl. at 3-6, Ex. A, F.[1])

According to Plaintiff, Defendants' decision to deny his request for a hardship transfer was racially motivated. Plaintiff alleges that Defendants Tyson and Madellin granted a hardship transfer request from a white inmate, whose father was on dialysis. In addition, Plaintiff alleges that Defendant

---

[1] Plaintiff's amended complaint is not paginated. Therefore, for the sake of consistency, the Court will cite to the pages of the amended complaint as they appear on ECF/CM.

Tyson retaliated against him for filing inmate grievances regarding the denial of his transfer request, as well as for filing the instant civil rights action. According to Plaintiff, Defendant Tyson threatened to and eventually did transfer Plaintiff to a prison facility further away from his wife and family. Instead of being four hours away from his wife and family, Plaintiff was now nine hours away. (Am. Compl. at 4, 6.)

Based on the above allegations, Plaintiff appears to claim that Defendants violated his constitutional right to due process, equal protection, and to be free from retaliation. In terms of relief, Plaintiff seeks monetary damages. (Am. Compl. at 3.)

### III. DISCUSSION

#### A. Due Process

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). A prisoner alleging a procedural due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002). A protected liberty interest may arise under the Due Process Clause itself or under a state statute or regulation. Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005). In the prison context, a state statute or regulation gives rise to a protected liberty interest if it imposes an "atypical and significant hardship [on the inmate] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Here, as the Court explained in its previous screening order, Plaintiff does not have a general constitutional right or protected liberty interest in being housed at a particular prison facility or in being transferred to a different prison facility. See Olim v. Wakinekona, 461 U.S. 238, 248 (1983) (prisoners have no constitutional right to incarceration in a particular state); Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (prisoners have no liberty interest in being placed at a particular institution). Separation from one's family is an ordinary incident of prison life. See Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (prisoners have no constitutional right to visitation by a particular person). Accordingly, Plaintiff's allegation that he was denied a hardship transfer, without more, fails to state a cognizable

claim. See, e.g., McKinney v. Davis, No. CIV S-02-2496 FCD GGH P, 2007 WL 214581, at *7 (E.D. Cal. Jan 25. 2007) (no constitutional violation when defendant denied plaintiff's request for a hardship transfer).

Plaintiff's allegation that Defendant Gricewich ignored or otherwise discarded his inmate grievances also fails to state a cognizable claim. It is well-established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Therefore, when a prison official denies, screens-out, or ignores an inmate's grievance, the prison official does not deprive the inmate of any constitutional right. See, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegation that prison officials denied or ignored his inmate appeals failed to state a cognizable claim); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788, at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegation that prison officials failed to timely process his inmate appeals failed to state a cognizable claim); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegation that prison officials screened-out his inmate grievances without any basis failed to show a deprivation of federal rights).

**B.    Equal Protection**

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff, 418 U.S. at 556. To state a viable equal protection claim, a prisoner "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009) (quoting Monteiro v. Temple Union High School District, 158 F.3d 1022, 1026 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis in original)).

Here, Plaintiff's allegations with respect to his equal protection claim are vague and conclusory. Plaintiff merely alleges that Defendants Tyson and Madellin granted a white prisoner's request for a hardship transfer while denying Plaintiff's request. Even assuming this were true, Plaintiff's allegation

in of itself does not demonstrate that Defendants' actions were motivated by Plaintiff's race. In fact, Plaintiff fails to allege any facts that would lead the Court to plausibly infer that Defendants Tyson or Madellin held any discriminatory animus towards non-white inmates. Accordingly, Plaintiff's allegations fail to state a cognizable equal protection claim.

### C. Retaliation

Under the First Amendment, prison officials may not retaliate against prisoners for initiating litigation or filing administrative grievances. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). A viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) the inmate's protected conduct and that the adverse action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the adverse action did not reasonably advance a legitimate penological purpose. Id.; Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).

In this case, Plaintiff alleges that Defendant Tyson had knowledge of the inmate grievances filed by Plaintiff regarding the denial of his transfer request. Plaintiff also alleges that Defendant Tyson knew of the instant civil rights action. According to Plaintiff, Defendant Tyson retaliated by threatening to and actually transferring him to a prison facility further away from his wife and family. Construing Plaintiff's pro se pleadings liberally, the Court finds that Plaintiff appears to allege a cognizable First Amendment retaliation claim. Accordingly, the Court will authorize service of Plaintiff's amended complaint as to this claim should these findings and recommendations be adopted by the district judge assigned to this case.

### D. Leave to Amend

The Court previously dismissed Plaintiff's complaint with leave to amend and informed Plaintiff of the deficiencies of his due process and equal protection claims. Plaintiff has failed to amend his complaint in a meaningful way to address the deficiencies previously identified by the Court. Accordingly, the Court will recommend that Plaintiff's due process and equal protection claims be dismissed without leave to amend and with prejudice. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (leave to amend should be granted unless the court determines that the pleading could not be cured); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (dismissal with prejudice upheld where

the court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

**IV.    CONCLUSION**

Accordingly, for the reasons set forth above, it is hereby RECOMMENDED that:

1. Plaintiff's due process claims be dismissed with prejudice for failure to state a claim upon which relief may be granted;

2. Plaintiff's equal protection claims be dismissed with prejudice for failure to state a claim upon which relief may be granted; and

3. This action proceed against Defendant Tyson on Plaintiff's retaliation claim under the First Amendment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 7, 2010**                              /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE