IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL KEITH AGGERS, | Case No. 1:07-cv-01701 AWI JLT (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| vs. | (Doc. 18) |
| TYSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 7, 2010, the Magistrate Judge filed Findings and Recommendations which were served on Plaintiff and contained noticed that any objections to the Findings and Recommendations were to be filed within twenty-one days. On October 25, 2010, Plaintiff filed timely objections.

In accordance with 28 U.S.C. 636(b)(1)(B) and Local Rule 302, the court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the Findings and Recommendations to be supported by the record and proper analysis. In the objections, Plaintiff contends that he has a due process right to a transfer closer to his family because California Penal Code § 5068 creates such a right. As explained by the Magistrate Judge, Plaintiff does not have a constitutional right to determine his own housing placement. Meachum v. Fano, 427 U.S. 215, 225

(1976). As such, if such a right exists it must be created by California in a manner that gives rise to a liberty interest. The definition of a state created liberty interest usually means the state has established "substantive predicates" to govern official decisionmaking, see Hewitt v. Helms, 459 U.S. 460, 472 (1983), and mandates the outcome to be reached upon a finding that the relevant criteria have been met. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Penal Code § 5068 gives the Director of the California Department of Corrections the power and duty to classify inmates ans assign them to particular institutions. Section 5068 provides, in part, that "the Director of Corrections shall classify prisoners; and when reasonable, the director shall assign a prisoner to the institution of the appropriate security level and gender population nearest the prisoner's home, unless other classification factors make such a placement unreasonable. The court finds that Penal Code § 5068 is a general statute and housing and classification remain a discretionary process in California. See, e.g., Olim v. Wakinekona, 461 U.S. 238 (1983) (finding no liberty interest in similar Hawaii statute on housing placement). Thus, the court finds Penal Code § 5068 does not provide Plaintiff with a liberty interest protected by the Due Process Clause.

As Plaintiff's objections do not provide a basis to not adopt the Findings and Recommendations, accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations of the Magistrate Judge filed October 7, 2010, are adopted in full;

2. Plaintiff's due process claims are dismissed with prejudice for failure to state a claim upon which relief may be granted;

3. Plaintiff's equal protection claims are dismissed with prejudice for failure to state a claim upon which relief may be granted; and

4. This action shall proceed against Defendant Tyson on Plaintiff's retaliation claim under the First Amendment.

IT IS SO ORDERED.

Dated:   November 13, 2010

CHIEF UNITED STATES DISTRICT JUDGE