IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL KEITH AGGERS,<br><br>    Plaintiff,<br><br>  vs.<br><br>TYSON, et al.,<br><br>    Defendants.<br>_____/ | Case No.: 1:07-cv-01701 AWI JLT (PC)<br><br>ORDER DENYING MOTION TO AMEND THE PLEADINGS<br><br>(Doc. 30) |

    Plaintiff is proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's amended complaint, wherein he claims that Defendant Tyson retaliated against him in violation of the First Amendment. (Doc. 23.)  On February 14, 2011, Plaintiff filed a motion to amend his pleadings for the purpose of including additional facts as proof of Defendant's retaliatory acts. (Doc. 30.)

    It appears that Plaintiff is not alleging new claims against Defendant, but rather simply seeks to factually enhance his pleadings.  In this regard, Plaintiff is advised that the Court has already found that his allegations, as presented in the amended complaint, state a cognizable retaliation claim.  Therefore, he need not amend his pleadings any further to proceed on this claim.  Nevertheless, if Plaintiff still wishes to amend his pleadings to include additional facts, he is advised that he must file a motion to amend his pleadings and attach to that motion, a proposed second amended complaint that is complete

1 | in itself. Local Rule 220. The Court will not accept piecemeal pleadings, such as the ones Plaintiff has
2 | offered here.[1] Id.
3 |      For this reason, it is **HEREBY ORDERED** that Plaintiff's February 14, 2011 motion to amend
4 | the pleadings (Doc. 30) is **DENIED**.
5 |
6 | IT IS SO ORDERED.
7 | Dated:   **February 18, 2011**                         **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] If Plaintiff elects to file a second amended complaint, he is also cautioned that once he files the second amended complaint, his original pleadings will be superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, any cause of action properly alleged in his amended complaint must be re-alleged in the second amended complaint; otherwise, the cause of action will be waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).