IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL KEITH AGGERS, | Case No. 1:07-cv-01701 AWI JLT (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED |
| vs. | |
| CAPTAIN TYSON, et al., | (Doc. 38) |
| Defendants. | |
| _____/ | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint wherein he claims that Defendant Tyson retaliated against him for filing inmate grievances and a civil lawsuit in violation of the First Amendment. Pending before the Court is Defendant's March 18, 2011 motion to dismiss for Plaintiff's failure to exhaust administrative remedies. Plaintiff has filed an opposition to the motion, and Defendant has filed a reply. Plaintiff has also filed a sur-reply.[1] In addition, pursuant to court order, Defendant has filed supplemental briefing and Plaintiff has filed a response. After careful consideration of the submitted papers and the entire record in this case, the Court recommends that the

---

[1] The Federal Rules of Civil Procedure and the Local Rules of this Court do not contemplate the filing of sur-replies. See Local Rule 230. Because Plaintiff has not shown good cause or sought leave from the Court to file such a document, Plaintiff's sur-reply will be disregarded.

1

pending motion be **GRANTED**[2].

I.   BACKGROUND

Plaintiff is currently confined at Richard J. Donovan Correctional Facility. Plaintiff filed his complaint and initiated this action on October 1, 2007 in the Central District of California. (Doc. 1 at 2.) The case was subsequently transferred to this Court on November 27, 2007, as the events alleged in the complaint occurred at Kern Valley State Prison, which is within the jurisdiction of the Eastern District of California. (Id.)

In his original complaint, Plaintiff alleged that upon his transfer to Kern Valley State Prison in November 2005, he requested that he be transferred to an institution closer to his wife. (Doc. 2 at 5.) Plaintiff explained that his wife had been diagnosed with cancer earlier that year. (Id.) Plaintiff alleged that despite his documentation of his wife's illness, Defendant Tyson denied Plaintiff's request. (Id. at 6.) Plaintiff asserted that he filed an inmate grievance regarding the rejection of his transfer request, but Officers Madellin and Gricewich refused to respond or otherwise process the grievance. (Id.) Based on these allegations, Plaintiff claimed that violations of the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment. (Id. at 5.)

By order filed June 4, 2009, the Court screened the complaint and found that it failed to state a cognizable claim. (Doc. 14.) Nevertheless, the Court granted Plaintiff leave to amend so that he could attempt to cure the deficiencies identified by the Court in its order. (Id. at 4-5.) Plaintiff complied and filed an amended complaint on July 10, 2009. (Doc. 15.) Therein, Plaintiff largely reiterated the facts alleged in his original complaint. (See id. at 3-6.) Plaintiff also alleged, however, that since the filing of this action in October 2007, he had been transferred to High Desert State Prison, a prison that was even farther from his wife. (Id. at 6.) In Plaintiff's view, he was transferred by Defendant Tyson as retaliation for filing grievances and initiating this lawsuit. (Id.)

On October 7, 2010, the Court screened the amended complaint and found, once again, that Plaintiff failed to state a cognizable claim under the Equal Protection Clause or the Due Process Clause regarding the denial of his initial transfer request. (Doc. 18 at 4-6.) The Court did find, however, that Plaintiff's new allegation that he was transferred to High Desert State Prison in retaliation for filing

---

[2] However, the Court declines to dismiss the matter with prejudice as requested by Defendant. See discussion infra.

grievances and initiating this lawsuit did state a cognizable claim under the First Amendment against Defendant Tyson. (Id. at 6.) Thus, the Court authorized service on Defendant Tyson on this claim. (Doc. 19.) Plaintiff's remaining claims were dismissed. (Doc. 23.)

Defendant appeared and filed an answer on January 19, 2011. (Doc. 25.) On March 18, 2011, Defendant filed the instant motion to dismiss for Plaintiff's failure to exhaust administrative remedies. (Doc. 38.) Plaintiff filed his opposition to the motion on April 8, 2011. (Doc. 42.) Defendant filed a reply on April 14, 2011. (Doc. 44.) Plaintiff filed an unauthorized sur-reply on April 25, 2011. (Doc. 45.) Finally, in response to court order, Defendant filed further briefing in this case on May 27, 2011 (Doc. 48), to which Plaintiff filed a response on June 13, 2011 (Doc. 49).

## II. DEFENDANT'S MOTION TO DISMISS

### A. Defendant's Arguments

Defendant argues that this action should be dismissed because Plaintiff has failed to exhaust his administrative remedies prior to filing this action. (Doc. 38 at 6-9.) Defendant maintains that a review of Plaintiff's appeals record indicates that Plaintiff filed three grievances regarding prison transfers or transfer requests, none of which received a final decision at the third level of review. First, Plaintiff lodged a grievance regarding a hardship transfer on February 28, 2006, but the grievance was never submitted past the informal level of review. (Id. at 7-8; Doc. 39 at ¶ 8.) Second, Plaintiff filed another grievance regarding the denial of his hardship transfer request on July 22, 2006. (Doc. 38-1 at 5.) This grievance, however, was screened-out because Plaintiff failed to obtain a response from the informal level of review. (Doc. 39 at ¶ 9.) Third, on or around December 27, 2007, Plaintiff filed a grievance concerning his transfer to High Desert State Prison on December 18, 2007. (Doc. 38 at 9; Doc. 38-1 at 11.) This grievance was eventually denied at the second level of review (Doc. 38-1 at 12), and Plaintiff did not appeal the decision to the third level of review thereafter. (Doc. 38-2 at ¶ 8.)

Defendant contends that because Plaintiff did not complete the appeals process with respect to any of these grievances, Plaintiff failed to exhaust his administrative remedies and this action must be dismissed. Moreover, Defendant argues that dismissal should be with prejudice because Plaintiff can no longer exhaust his administrative remedies at this time. (Doc. 38 at 9-10.)

### B. Plaintiff's Opposition

3

   Plaintiff argues two points in his opposition.  First, Plaintiff argues that Defendant misstates the claim on which he is now proceeding.  (Doc. 42 at 2.)  Plaintiff asserts that the basis of his claim is not that Defendant retaliated against him by denying his hardship transfer requests, but that Defendant retaliated against him by threatening to transfer him far from his family if he filed any grievances.  (Id.)  Second, Plaintiff maintains that he did not exhaust his administrative remedies for this very reason: Defendant threatened to transfer him if he filed any grievances.  (Id. at 1.)

### C. Defendant's Reply

   In reply, Defendant argues that Plaintiff has failed to present evidence disputing Defendant's assertion that Plaintiff failed to exhaust his administrative remedies.  (Doc. 44 at 2.)  Defendant also reiterates that dismissal of this action should be with prejudice because Plaintiff is no longer able to exhaust administrative remedies on this claim, as the deadline for doing so has expired.  (Id.)

### D. Supplemental Briefing

   On May 27, 2011, the Court ordered Defendant to provide further briefing in regard to one of Plaintiff's inmate appeals, KVSP-O-07-01689.  (Doc. 47.)  It appeared to the Court that the appeal had been exhausted at the director's level of review, yet Defendant had not provided the Court with a copy of the appeal or an explanation as to its contents.  Counsel for Defendant promptly filed briefing on the matter.  (Doc. 48.)  Therein, counsel provides a copy of KVSP-O-07-01689 and explains that the appeal pertained to a complaint by Plaintiff that Sergeant Sobbe, Sergeant Durdin, Correctional Officer Smith, and Captain Doran placed Plaintiff's life in jeopardy by informing other inmates that he was providing information about illegal activity to prison staff.  (Id. at ¶ 4.)  In response to the supplemental briefing, Plaintiff confirmed that KVSP-O-07-01689 has no bearing on this case.  (Doc. 49 at 1-2.)

## III. EXHAUSTION REQUIREMENT

   Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are thus required to exhaust all available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion of administrative remedies is mandatory

regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002).

In order to properly exhaust administrative remedies, an inmate must comply with the prison's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006). In California, the Department of Corrections and Rehabilitation has established an administrative grievance system for prisoner complaints. See Cal. Code. Regs, tit. 15 § 3084.1 (West 2009). Prisoners may appeal any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare. Id. at § 3084.1(a). The process is initiated by a prisoner submitting a CDCR Form 602, which is also known as an "inmate appeal." Id. at § 3084.2(a). The inmate appeal typically proceeds through four levels of review: an informal level, the first formal level, the second formal level, and the third formal level, also known as the "Director's Level." Id. at § 3084.5. A final decision from the Director's Level of review typically satisfies the exhaustion requirement under § 1997e(a). See, e.g., Barry v. Ratelle, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

The exhaustion requirement is not jurisdictional, but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003). The defendant bears the burden of raising and proving the absence of exhaustion. Id. at 1119. In deciding the motion, "the court may look beyond the pleadings and decide disputed issues of fact." Id. If the court concludes that the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. If a complaint contains exhausted and unexhausted claims, "the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

**IV.    DISCUSSION**

    **A.    Exhaustion**

The Court must first determine whether Plaintiff submitted a grievance regarding Defendant's alleged retaliatory conduct that culminated with Plaintiff's transfer to High Desert State Prison and, if he did, whether the grievance completed the inmate appeals process.

After a review of Plaintiff's inmate appeals record, it appears Plaintiff filed only one grievance that arguably challenges Defendant's retaliatory conduct and Plaintiff's transfer to High Desert State

5

Prison. On or around December 27, 2007, Plaintiff filed appeal HDSP-B-08-00354. (Doc. 38, Ex. D.) Therein, Plaintiff explained that he has a lawsuit pending regarding the denial of his hardship transfer request at Kern Valley State Prison. (Id.) Plaintiff complained that his transfer to High Desert State Prison only aggravates his hardship because now he is being confined in a prison that is even farther from his wife and daughter. (Id.) As relief, Plaintiff requested that he be transferred again, this time closer to his family. (Id.)

However, even assuming that this grievance provided prison officials with adequate notice of the retaliatory transfer for which Plaintiff now seeks to recover, Plaintiff did not complete the inmate appeals process with respect to this grievance. On January 3, 2008, the informal level of review was waived because the matter being challenged concerned a classification action. (Id.) Plaintiff then filed the grievance at the first level of review. (Id.) The first level of review was bypassed, and on March 5, 2008, the grievance was denied at the second level of review. (Id.) Thereafter, Plaintiff did not submit the grievance for a decision at the third, and final, level of review. (Id.) The Inmate Appeals Branch database has no record of Plaintiff submitting the grievance to the third level of review. (Doc. 38-2 at ¶ 8, Ex. A.) Nor does Plaintiff allege that he ever took such action.

Accordingly, the Court finds that Plaintiff has not exhausted a grievance regarding the alleged retaliatory transfer to High Desert State Prison.

**B.     Exceptions to Exhaustion**

Because Plaintiff did not exhaust his administrative remedies, the Court must now determine whether Plaintiff should be excused from the exhaustion requirement. Plaintiff appears to argue that he should be excused from his failure to exhaust administrative remedies because "Defendant threatened [him], causing [him] to fear filing any grievance[s] . . . ." (Doc. 42 at 1.)

The Ninth Circuit has held that an inmate may be excused from the exhaustion requirement if circumstances rendered administrative remedies "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (citing Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010)). Although the Ninth Circuit has never explicitly ruled on whether threats by prison officials may render administrative remedies unavailable such that an inmate need not exhaust them, the Ninth Circuit has noted that other circuits have. See Sapp, 623 F.3d at 823. For example, in Turner v. Burnside, 541 F.3d 1077 (11th Cir.

1  2008) the Eleventh Circuit acknowledged that a prison official's threat of retaliation against an inmate
2  for filing grievances could render administrative remedies unavailable where: (1) the threat actually did
3  deter the inmate from filing a grievance; and (2) the threat is one that would have deterred a reasonable
4  inmate of ordinary firmness from filing a grievance. Id. at 1085.

5  Using the Eleventh Circuit's framework in Turner as guidance, the Court finds that Plaintiff's
6  administrative remedies were not rendered unavailable. Considering Turner's second factor first, a
7  reasonable inmate of ordinary firmness would not have been deterred from filing a grievance under the
8  circumstances faced by Plaintiff. Plaintiff alleges that Defendant threatened to transfer Plaintiff to a
9  prison even farther away from his family if Plaintiff filed a grievance or pursued his lawsuit in court.
10 (Doc. 15 at 6.) However, the Court struggles to see how such a threat could impede Plaintiff, or any
11 other inmate, from filing a grievance *after* he was actually transferred to a new prison. Whatever threat
12 Defendant made against Plaintiff at Kern Valley State Prison seems to have little bearing on whether
13 Plaintiff had the ability to file a grievance at High Desert State Prison in order to challenge the alleged
14 retaliatory transfer.

15 This leads the Court back to Turner's first factor. The record clearly demonstrates that Plaintiff
16 was not actually deterred from lodging a grievance at High Desert State Prison. As discussed above,
17 Plaintiff filed appeal HDSP-B-08-00354 for review less than two weeks after being transferred from
18 Kern Valley State Prison. Notably, that grievance conceivably could have exhausted Plaintiff's claims
19 in this action. Plaintiff, however, simply failed to complete the inmate appeal process with respect to
20 HDSP-B-08-00354. Thus, against this backdrop, Plaintiff's bald assertion that Defendant intimidated
21 him into not filing a grievance regarding these matters, thereby thwarting Plaintiff from exhausting his
22 claims, is not persuasive.

23 Accordingly, the Court concludes that Defendant's threats did not impede or preclude Plaintiff
24 from filing a grievance and exhausting his administrative remedies. Because administrative remedies
25 were not rendered "unavailable," Plaintiff should not be excused from his failure to exhaust and this
26 action should be dismissed.

27 ///

28  **C.    Dismissal Without Prejudice**

Defendant encourages the Court to dismiss this action with prejudice because Plaintiff cannot possibly exhaust his administrative remedies now that the deadline for filing a grievance on this claim has long expired. In support of his argument, Defendant cites to a Second Circuit case, Berry v. Kerik, 366 F.3d 85 (2d Cir. 2004), wherein the Second Circuit affirmed the lower court's order dismissing a § 1983 action with prejudice for failure to exhaust administrative remedies. In doing so, the Second Circuit explained:

> [T]he broader dictum [in Morales v. Mackalm, 278 F.3d 126, 128 (2d Cir. 2002)] that dismissal for failure to exhaust 'should' be without prejudice would extend too far if applied to cases where exhaustion was required but administrative remedies have become unavailable after the prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust. . . . Under [the circumstances presented in this case] and in the absence of any justification for not pursuing available remedies, [the prisoner's] failure to pursue administrative remedies while they were available precluded his federal lawsuits, and they were properly dismissed with prejudice.

Id. at 88.[3]

This Court, however, declines to dismiss this action with prejudice. As the Ninth Circuit has previously explained, "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120. In the absence of controlling authority stating the contrary, this Court declines Defendant's invitation to deviate from the Ninth Circuit's explicit instructions, as provided in Wyatt. See Armstrong v. Scribner, 350 Fed. Appx. 186, 187 (9th Cir. 2009) (vacating in part district court's order dismissing action with prejudice for failure to exhaust administrative remedies and remanding the case for dismissal without prejudice);[4] Hargrove v. Wash. Dep't of Corr., No. C10-0363 RBL KLS, 2011 U.S. Dist. LEXIS 54069, at *17-18 (W.D. Wash. May 2, 2011) (finding no Ninth Circuit authority for dismissing action with prejudice for failure to exhaust administrative remedies under the PLRA).

---

[3] Other courts have reached similar conclusions. See, e.g., Bryant v. Rich, 530 F.3d 1368, 1375 n.11 (11th Cir. 2008) (in certain circumstances failure to exhaust administrative remedies may warrant dismissal of the action with prejudice); White v. Nelson, Civ. No. 09-1607 (RHK/JSM), 2011 U.S. Dist. LEXIS 9373, at *16 (D. Minn. Jan. 14, 2011) (dismissing action with prejudice because plaintiff has procedurally defaulted on his claims by failing to timely exhaust his administrative remedies); Ramirez v. Hungness, Civ. No. 10-112-JMH, 2010 U.S. Dist. LEXIS 44476, at *4-5 (E.D. Ky. May 6, 2010) (finding that because plaintiff can no longer timely exhaust administrative remedies the action must be dismissed with prejudice); Pough v. Grannis, Civ. No. 08CV1498-JM (RBB), 2011 U.S. Dist. LEXIS 32514, at *23-24 (S.D. Cal. Jan. 6, 2010) (same).

[4] Citation to this unpublished case is appropriate pursuant to Ninth Circuit Rule 36-3(b).

8

**V.     CONCLUSION**

Accordingly, it is **HEREBY RECOMMENDED** that:

1.     Defendant's March 18, 2011 motion to dismiss (Doc. 38) be **GRANTED**; and

2.     This action be **DISMISSED WITHOUT PREJUDICE**.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, any party may file and serve written objections with the Court. A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be filed and served within fourteen (14) days of the date of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 16, 2011**                           /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE