IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL KEITH AGGERS, | Case No. 1:07-cv-01701 AWI JLT (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| vs. | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| CAPTAIN TYSON, et al., | |
| Defendants. | (Documents #38 & #50) |
| _____ / | |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On June 16, 2011, the Magistrate Judge issued findings and recommendations recommending that Defendant's March 18, 2011 motion to dismiss be granted. (Doc. 50.) Specifically, the Magistrate Judge found that Plaintiff did not exhaust administrative remedies prior to filing suit. (Id. at 5-6.) The Magistrate Judge also found that Plaintiff should not be excused from his failure to exhaust merely because Defendant Tyson allegedly threatened to retaliate against Plaintiff for filing grievances. (See id. at 6-7.) The Magistrate Judge explained that even if Defendant Tyson made such threats, Plaintiff could have filed a grievance and properly exhausted his claims once he was transferred to High Desert State Prison and away from Defendant Tyson. (Id. at 7.) Because the administrative grievance process was not rendered unavailable to Plaintiff, the Magistrate Judge concluded that Plaintiff's claims must

be dismissed without prejudice in accordance with Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). (Id. at 8.)

On June 30, 2011, Plaintiff filed timely objections to the findings and recommendations. (Doc. 51.) Plaintiff argues that although he was transferred to High Desert State Prison, he still feared that Defendant Tyson would retaliate against him if he filed a grievance against the defendant. (Id. at 2.) Plaintiff avers that Defendant Tyson could have been transferred to High Desert State Prison at some point and retaliated against Plaintiff then. (Id.) Plaintiff also asserts that Defendant Tyson's wife and friends are employed at High Desert State Prison, and through them, Defendant Tyson could have been notified of any grievance Plaintiff filed. (Id.) Therefore, in Plaintiff's view, administrative remedies were unavailable to him. (Id.)

Having conducted a de novo review of the record in this case in accordance with 28 U.S.C. § 636(b)(1)(C), the Court finds that the Magistrate Judge's findings and recommendations are supported by the record and the proper analysis. As an initial matter, the Court notes that Plaintiff raises a new argument in his objections to the findings and recommendation; Plaintiff never argued in his opposition to Defendant's motion to dismiss that he feared Defendant Tyson even after being transferred to High Desert Prison State because the defendant's wife and friends worked at the prison. A district court is not required to consider arguments that are presented for the first time in objections to a U.S. Magistrate Judge's findings and recommendations. See United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000).

In any event, Plaintiff's argument is unpersuasive. As explained by the Magistrate Judge in the findings and recommendations, the Eleventh Circuit has acknowledged that a prison official's threat of retaliation against an inmate for filing grievances could excuse the inmate from his failure to exhaust administrative remedies where (1) the threat actually deterred the inmate from filing a grievance, and (2) the threat is one that would have deterred a reasonable inmate of ordinary firmness and fortitude from filing a grievance. Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008). Utilizing Turner's framework as guidance here, there are no facts showing that a reasonable inmate of ordinary firmness and fortitude would have been deterred from filing a grievance under the circumstances faced by Plaintiff. First, the possibility that Defendant Tyson would be transferred to High Desert State Prison

2

and would retaliate against Plaintiff thereafter is far-fetched and amounts to mere speculation. Second, even if Defendant Tyson did have friends and family who were employed at High Desert State Prison,[1] there is no indication that these individuals had any involvement with the grievance process at the prison. In essence, Plaintiff simply invites the Court to assume that because prison officials "talk," word of Plaintiff's grievance could eventually reach Defendant Tyson. Again, this is nothing more than speculation.

In sum, the Court agrees with the Magistrate Judge's analysis that Plaintiff failed to exhaust his administrative remedies and that Plaintiff's failure is not excused by Defendant Tyson's alleged threats of retaliation. Accordingly, it is **HEREBY ORDERED** that:

1. The findings and recommendations issued by the Magistrate Judge on June 16, 2011 (Doc. 50) are **ADOPTED** in full;
2. Defendant's March 18, 2011 motion to dismiss (Doc. 38) is **GRANTED**; and
3. This action is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated:   July 29, 2011

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's assertion that Defendant Tyson's wife and friends work at High Desert State Prison is not signed under penalty of perjury and therefore the veracity of the assertion is unclear.